# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ALBERT MCKAY, SR.** | * | **CIVIL ACTION NO.:  2:23-cv-02952** |
| **versus** | * | **HONORABLE BARRY W. ASHE** |
| **UNITED SERVICES AUTOMOBILE ASSOCIATION** | * | **MAGISTRATE JANIS van MEERVELD** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM IN SUPPORT OF 12(b)(1) MOTION TO DISMISS**

**NOW INTO COURT** comes **UNITED SERVICES AUTOMOBILE ASSOCIATION** (hereinafter referred to as "USAA"), who respectfully submits the following memorandum in support of its Motion to Dismiss in the above-captioned lawsuit.

This is an insurance suit, arising out of Hurricane Ida. Plaintiff, Albert McKay, filed a complaint against United Services Automobile Association, as his homeowner's insurer. Plaintiff is domiciled in Louisiana. Plaintiff alleged the parties are diverse and invoked 28 U.S.C. §1332 as the basis for subject matter jurisdiction. USAA is an unincorporated association, for purposes of diversity jurisdiction, and its citizenship is determined by that of its members. USAA has members in each of the fifty states, including Louisiana. As such, USAA is not subject to diversity jurisdiction under 28 U.S.C. §1332.

This Court has recognized that some insurance companies are not corporations, but rather unincorporated associations that share the citizenship of every member. *See Matlack v. Forest River, Inc.*, No. 10-CV-1479, 2011 WL 651235, at *1 (W.D. La. Feb. 10, 2011). If such company has members residing in all fifty states, then diversity is never possible. *Id.*

USAA is an unincorporated association, and its citizenship is determined by the citizenship of all its members. *Fields v. Progressive Cas. Ins. Co.,* No. CV 21-477-JWD-EWD, 2022 WL

324028, at *3 (M.D. La. Jan. 18, 2022), *report and recommendation adopted*, No. CV 21-477-JWD-EWD, 2022 WL 323968 (M.D. La. Feb. 2, 2022). Because USAA is a citizen of every state, including Louisiana, it is not diverse from a Louisiana Plaintiff. *Id.* Under Federal Rule of Civil Procedure 12(h)(3), an action must be dismissed if at any time the court determines that it lacks subject matter jurisdiction.

In the present case, lack of diversity jurisdiction is evident from the face of the complaint, in light of the applicable case law. Plaintiff alleges that he is a citizen of Louisiana, and he seeks damages from United Services Automobile Association. Because USAA is a citizen of all fifty states, including Louisiana, the parties are not diverse. This suit must be dismissed.

This Court lacks subject matter jurisdiction over this case because the parties are non-diverse. USAA therefore requests that this Court grant its motion and dismiss the plaintiff's complaint.

        Respectfully submitted,

        **/s/ JAMES R. NIESET, JR.**
        **JAMES R. NIESET, JR. (24856)**
        **COLIN T. RYAN (36659)**
        Porteous, Hainkel & Johnson
        704 Carondelet Street
        New Orleans, LA  70130-3774
        Telephone: (504) 581-3838
        Email: jnieset@phjlaw.com
        *Attorneys For Defendant,*
        *United Services Automobile Association*

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on October 4, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing.

        /s/ **JAMES R. NIESET, JR.**
        JAMES R. NIESET, JR.
        COLIN T. RYAN